**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NATHANIEL E. BOSTIC,

                                        Petitioner,

            - v -                                               Civ. No. 9:05-CV-79
                                                                        (LEK/RFT)

DAVID E. HARDER, *Sheriff*;
ROBERT DENNISON, *Chairman, State of New York Division of Parole*,

                                        Respondents.

**APPEARANCES:**                                      **OF COUNSEL:**

NATHANIEL E. BOSTIC
Petitioner, *Pro Se*
414 Baltic Street
Apt. 10C
Brooklyn, N.Y. 12217

BROOME COUNTY ATTORNEY'S OFFICE                    AARON J. MARCUS, ESQ.
Attorney for Respondent David E. Harder
Edwin L. Crawford County Office Building
P.O. Box 1766
Binghamton, N.Y. 13902-1766

ANDREW M. CUOMO                                    ALYSON J. GILL, ESQ.
Attorney General for the State of New York         Assistant Attorney General
Attorney for Respondent Robert Dennison
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        Petitioner Nathaniel Bostic brings a Petition for a Writ of *Habeas Corpus*, pursuant to 28

U.S.C. § 2254, asserting that his right to a speedy trial was violated and that he did not receive a

timely final parole revocation hearing.  For the reasons that follow, it is recommended that the

Petition be **denied**.

# I. BACKGROUND

On February 4, 1999, Petitioner was convicted of robbery in the third degree under N.Y. PENAL LAW § 160.05 and criminal contempt in the first degree under N.Y. PENAL LAW § 215.51(c) in New York State County Court, Broome County.  State Ct. R. (hereinafter "R."), Pet'r Crim. History Sheet at p. 13.  Petitioner was sentenced to indeterminate prison terms of three and a half years to seven years on the robbery charge and two to four years on the contempt charge. *Id*.  On September 10, 2001, Petitioner was released on parole, only to be re-arrested on November 12, 2003, and charged separately with assault in the third degree and a violation of parole for allegedly assaulting his wife.  R., Parole Files, Certificate of Release, dated July 10, 2001 & Violation of Parole Charge, dated Dec. 1, 2003.

A preliminary parole hearing was held on November 20, 2003 after which the hearing officer determined that probable cause existed to believe that Petitioner violated his parole.  R., Parole Files, Violation of Parole Charge, dated Dec. 1, 2003.  The assault charge was later reduced to second degree harassment.  *See*, R., Lts. from Dist. Att'y Office, dated Jan 12, 2004 & Dec. 15, 2004.  Petitioner's trial on the harassment charge began on January 14, 2004.  However, the presiding judge stopped the trial and adjourned the proceeding, allegedly because of Petitioner's unruly behavior.  R., Lt. from Carole M. Cassidy, Broome County Asst. Dist. Att'y, dated Jan. 14, 2004.

Petitioner filed this action on January 24, 2005, alleging that he was being held in violation of his constitutional rights because he had not received a final parole revocation hearing and had not received a speedy trial on his harassment and violation of parole charges.  Dkt. No. 1, Pet.  There

is no indication that, to date, Plaintiff's trial on the harassment charge has been reconvened, nor that Petitioner has ever been tried on the violation of parole charge. However, Petitioner's First Traverse (Dkt. No. 13) indicates that his final revocation hearing was held on March 16, 2005. Thereafter, on April 12, 2005, Petitioner was released on parole. *Information available at* http://nysdocslookup.docs.state.ny.us.

## II.  DISCUSSION

### A.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled?  2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?  3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Final Parole Revocation Hearing

Although a parolee facing revocation of such status is not entitled to the "full panoply of rights" due a defendant in a criminal prosecution, the Supreme Court has held that the revocation of parole implicates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Morrisey v. Brewer*, 408 U.S. 471, 482 (1972).  Therefore, parolees must be afforded both a preliminary hearing upon arrest in order to determine if probable cause exists to believe that the conditions of parole have been violated, and within a reasonable time thereafter, a final revocation hearing dressed with the basic due process requirements of notice, the opportunity to be heard and to cross-examine witnesses, and a neutral and detached hearing body or officer. *Id.* at 489.

Congruent with these due process requirements, New York Executive Law requires that a suspected parole violator receive a preliminary hearing within fifteen (15) days after arrest, and a final revocation hearing within ninety (90) days after the preliminary hearing.  N.Y. Exec. Law § 259-i(3)(c)(i) & (f)(i).

In Petitioner's case,  a probable cause determination was made at a preliminary hearing held on November 20, 2003, shortly after his arrest on November 12.  At the time Petitioner filed the

Petition before this Court on January 24, 2005, he had not yet received a final parole revocation hearing. However, Petitioner received such hearing on March 16, 2005, and was subsequently released on parole on April 12, 2005.

In order for this Court to have proper jurisdiction, a petitioner must demonstrate that his claim represents a "case or controversy" pursuant to Article III, Section 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 6 (1998); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 159-60 (E.D.N.Y. 2003). In this case, the Petition, sounding in a writ of *mandamus*, requested that the Court command the Respondents "to have the body of this petitioner before the court together with the cause of his detention and to abide the further order of the court herein." Pet. at p. 4. Because Petitioner received his final parole revocation hearing and is no longer incarcerated, his Petition on this ground is now moot. *See, e.g., Chapdelaine v. Comm'r, United States Parole Comm'n*, 2002 WL 31115545, at *5 (S.D.N.Y. Sept. 24, 2002) ("If an officer or agency performs the duty allegedly owed to the petitioner after a petition for a writ of mandamus has been filed, the petition becomes moot.") (citing *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)); *see also Fama v. United States Parole Comm'n*, 1995 WL 87234 (E.D.N.Y. Feb. 21, 1995) (petition for a writ of *mandamus* denied as moot because petitioner had been released on parole).

We note that Petitioner does not challenge the Division of Parole's decision nor the due process he received at his final parole revocation hearing. Rather, by his Traverse, Petitioner apparently asserts that because of the significant delay between his preliminary hearing and his final parole revocation hearing, the decision of the Division of Parole at his final revocation hearing should be vacated. Dkt. No. 13. However, even if Petitioner were to challenge the constitutionality

of his final parole revocation hearing, which he does not, he would have to demonstrate that he was somehow prejudiced as a result of the delay in order to assert a viable due process violation. *United States ex rel. Blassingame v. Gengler*, 502 F.2d 1388 (2d Cir. 1974); *see also King v. Hasty*, 154 F. Supp. 2d 396, 401 (E.D.N.Y. 2001) (a delayed revocation hearing is not by itself sufficient to establish a due process violation).

For these reasons, it is recommended that the Petition be **denied** on this ground.

### C.  Harassment and Violation of Parole Charges

There is no evidence in the record that, to date, Petitioner has been tried on the violation of parole charge.  With respect to the harassment charge, Petitioner's trial began on January 14, 2004. However, the presiding judge stopped and adjourned the proceeding in the middle of trial, allegedly because of Petitioner's unruly behavior.  R., Lt. from Carole M. Cassidy, Broome County Asst. Dist. Att'y, dated Jan. 14, 2004.  There is no evidence in the record that, to date, Petitioner's trial on the harassment charge has been reconvened or otherwise concluded.

Regardless of whether or not Petitioner has been tried on these charges, Petitioner does not allege that he is "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a).  To the contrary, according to Petitioner's allegations, no judgment has been rendered on either the harassment charge or the violation of parole charge.  Furthermore, Petitioner is not now and has never been held in custody as a result of the harassment and violation of parole criminal charges. Rather, he was detained based upon probable cause that he violated previously established parole conditions.  Therefore, this Court does not have jurisdiction over this claim under 28 U.S.C. § 2254(a).  *See Allah el v. Warden of Rikers Island*, 2006 WL 5230021 (E.D.N.Y. Jan. 11, 2006) ("there must be a state court conviction and sentence to challenge in order to file a petition under

*-6-*

28 U.S.C. § 2254."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.")

    For these reasons, the Petition must be **denied** on this claim.

### III. CONCLUSION

    For the reasons stated herein, it is hereby

    **RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

    **RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

    **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   May 22, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge